Mark E. Merin (State Bar No. 043849)
Paul H. Masuhara (State Bar No. 289805)
LAW OFFICE OF MARK E. MERIN
1010 F Street, Suite 300
Sacramento, California 95814
Telephone:     (916) 443-6911
Facsimile:     (916) 447-8336
E-Mail:         mark@markmerin.com
                paul@markmerin.com

Paul W. Comiskey (State Bar No. 065510)
205 Jefferson Street
Roseville, California 95678
Telephone:     (916) 577-0696
E-Mail:         paulcomiskey@hotmail.com

   Attorneys for Plaintiff
   MARCUS HILL-COLBERT

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| | |
|---|---|
| MARCUS HILL-COLBERT, on behalf of himself and a class of similarly situated persons,<br><br>Plaintiffs,<br><br>vs.<br><br>CITY OF ROSEVILLE, ROSEVILLE POLICE DEPARTMENT, TYLER CANTLEY, and DOE 1 to 20,<br><br>Defendants. | Case No. <br><br>**CLASS ACTION COMPLAINT FOR VIOLATION OF CIVIL AND CONSTITUTIONAL RIGHTS**<br><br>**DEMAND FOR JURY TRIAL** |

**INTRODUCTION**

This class action is brought by MARCUS HILL-COLBERT, on behalf of himself and a class of similarly situated persons, for damages, penalties, and equitable relief based on the CITY OF ROSEVILLE and ROSEVILLE POLICE DEPARTMENT's enforcement of an unconstitutional "Park and Park Facility Exclusions" ordinance, Roseville Municipal Code § 8.02.316, which permits officials immediately to exclude persons from "any park, dog park, town square, library, museum, stream bed

1

1   area, bicycle trail, open space, or other facility owned or operated by the city for park or recreation

2   purposes," in violation of constitutional rights, including the Fourteenth Amendment's Due Process

3   Clause which affords procedural due process.

4                                **JURISDICTION & VENUE**

5       1.      This Court has jurisdiction over the claims asserted herein pursuant to 28 U.S.C. § 1331

6   (in that they arise under the United States Constitution), and 28 U.S.C. § 1343(a)(3) (in that the action is

7   brought to address deprivations, under color of state authority, of rights, privileges, and immunities

8   secured by the United States Constitution).

9       2.      Venue is proper in the United State District Court for the Eastern District of California

10  pursuant to 28 U.S.C. § 1391(b) because Defendants are located in the Eastern District of California and

11  because the acts and/or omissions described herein occurred in the Eastern District of California.

12      3.      Intradistrict venue is proper in the Sacramento Division of the Eastern District of

13  California pursuant to E.D. Cal. L.R. 120(d) because the claims asserted herein arise from acts and/or

14  omissions which occurred in the County of Placer, California.

15                                      **PARTIES**

16      4.      Plaintiff MARCUS HILL-COLBERT is a resident of the County of Placer, California.

17      5.      Defendant CITY OF ROSEVILLE is a "public entity" within the definition of Cal. Gov.

18  Code § 811.2.

19      6.      Defendant ROSEVILLE POLICE DEPARTMENT is a "public entity" within the

20  definition of Cal. Gov. Code § 811.2.

21      7.      Defendant TYLER CANTLEY is, and at all times material herein was, a law enforcement

22  officer for Defendants CITY OF ROSEVILLE and ROSEVILLE POLICE DEPARTMENT, acting

23  within the scope of that employment. Defendant TYLER CANTLEY is sued in his individual capacity.

24      8.      Defendants DOE 1 to 20 are and/or were agents or employees of Defendants CITY OF

25  ROSEVILLE and/or ROSEVILLE POLICE DEPARTMENT and acted within the scope of that agency

26  or employment and under color of state law. Defendants DOE 1 to 20's true and correct names are not

27  now known and they are identified by their fictitious names. Defendants DOE 1 to 20's fictitious names

28  will be substituted for their true and correct names when ascertained.

## GENERAL ALLEGATIONS

9.      At all times relevant herein, all wrongful acts described were performed under color of state law and/or in concert with or on behalf of those acting under the color of state law.

### Roseville Municipal Code § 8.02.316

10.      In 2010, Defendant CITY OF ROSEVILLE's City Council adopted an ordinance currently codified as Roseville Municipal Code § 8.02.316.

11.      Roseville Municipal Code § 8.02.316 provides:

**8.02.316 Park and park facility exclusions.**

A.      Any parks, recreation and libraries employee or police officer may exclude any person who, while present in a park or park facility, violates any applicable ordinance, statute, posted rule or regulation, or city policy after being put on notice of same. Nothing in this section shall be construed to authorize the exclusion of any person lawfully exercising free speech rights or other rights protected by the state or federal constitutions unless that person is also committing acts that are not protected that violate a specific provision of the law that would allow for exclusion.

B.      An exclusion from a park or park facilities under the provisions of this section shall be for the specified time periods following occurrence of the following violations in a park or park facility:

1.      One day: single infraction of park rules or ordinances;

2.      30 days: arrest or citation for misdemeanor nonviolent crime (e.g., public intoxication), or repeated infractions of park rules or ordinances within the previous year;

3.      90 days: two arrests or citations for misdemeanor nonviolent crime within the previous year, or arrest for felony nonviolent crime (e.g., drug possession) within the previous year;

4.      One year: three or more arrests or citations for nonviolent crimes or infractions of park rules or ordinances within the previous year, or any arrest for any violent crime within the previous year.

Exclusions cover all parks and park facilities, regardless of the location of the incident causing the exclusion notice to be issued.

C.      Written notice shall be given to any person excluded from any park or park facility under this section. The notice shall specify the date the exclusion begins and duration of the exclusion, shall identify the offending conduct leading to the exclusion, and shall inform the excluded person of the right to appeal the exclusion. The exclusion notice shall be signed by the issuing employee or officer and shall also state any penalties for failure to comply.

3

D.    Any exclusion shall begin immediately upon the issuance of the exclusion notice and end at noon on the day following the end of the exclusion.

E.    At any time within the period of exclusion, a person receiving a notice of exclusion may appeal the exclusion in writing to the director or chief of police, as applicable, for a waiver or modification of the exclusion for good cause. Upon review by the director, chief of police or designee, the exclusion shall be upheld if the exclusion notice includes information indicating that more likely than not, the person committed the violation and if the exclusion is otherwise in accordance with the law. The director, chief of police or designee, shall have authority to modify the terms of the exclusion for good cause. The decision of the director, chief of police or designee shall be final.

F.    Both the parks, recreation and libraries department and the police department will maintain an accurate database of those persons excluded from the parks and other park facilities by their respective employees.

G.    No person subject to the exclusion notice shall enter or remain in any park or park facility at any time during the period indicated by the exclusion notice. Violation of this section may be charged as an infraction or misdemeanor in the discretion of the city attorney.

(Available at: <https://library.qcode.us/lib/roseville_ca/pub/municipal_code/item/title_8-chapter_8_02-article_ii-8_02_316>.)

12.    Roseville Municipal Code § 8.02.020 provides: "'Park" means any park, dog park, town square, library, museum, stream bed area, bicycle trail, open space, or other facility owned or operated by the city for park or recreation purposes." (Available at: <https://library.qcode.us/lib/roseville_ca/pub/municipal_code/item/title_8-chapter_8_02-article_i-8_02_020>.)

13.    From 2010 to present, Defendants CITY OF ROSEVILLE and ROSEVILLE POLICE DEPARTMENT's officials have regularly enforced Roseville Municipal Code § 8.02.316 against persons present within Defendant CITY OF ROSEVILLE's jurisdiction.

**Marcus Hill-Colbert**

14.    On August 29, 20221, around 6:55 a.m., Plaintiff MARCUS HILL-COLBERT was present at Weber Park, located at 320 Circuit Drive, Roseville, CA 95678.

15.    Plaintiff MARCUS HILL-COLBERT was relaxing in the park while sitting on a chair.

16.    Defendant TYLER CANTLEY, a Social Services Officer/Parks employed by Defendants CITY OF ROSEVILLE and ROSEVILLE POLICE DEPARTMENT, was present at the park.

4

1    17.    Defendant TYLER CANTLEY approached Plaintiff MARCUS HILL-COLBERT.

2    18.    Defendant TYLER CANTLEY told Plaintiff MARCUS HILL-COLBERT that there had

3    been complaints about alcohol and marijuana use in the park.

4    19.    Plaintiff MARCUS HILL-COLBERT told Defendant TYLER CANTLEY that he had not

5    been drinking or smoking.

6    20.    Defendant TYLER CANTLEY observed a broken beer bottle that was approximately six

7    feet away from Plaintiff MARCUS HILL-COLBERT's chair.

8    21.    The broken beer bottle did not belong to Plaintiff MARCUS HILL-COLBERT and he did

9    not possess or place the bottle in the park.

10    22.    Defendant TYLER CANTLEY asked Plaintiff MARCUS HILL-COLBERT to provide his

11    identification.

12    23.    Plaintiff MARCUS HILL-COLBERT provided Defendant TYLER CANTLEY with a

13    copy of his identification card.

14    24.    Defendant TYLER CANTLEY briefly left and took Plaintiff MARCUS HILL-

15    COLBERT's identification card with him.

16    25.    On information and belief: Defendant TYLER CANTLEY conducted a wants/warrants

17    records check against Plaintiff MARCUS HILL-COLBERT, without reasonable suspicion to believe that

18    there were any wants/warrants for Plaintiff MARCUS HILL-COLBERT's arrest and without reason to

19    believe that Plaintiff MARCUS HILL-COLBERT had committed any crime.

20    26.    Defendant TYLER CANTLEY returned to Plaintiff MARCUS HILL-COLBERT.

21    27.    Defendant TYLER CANTLEY produced a "City Property Exclusion Notice" against

22    Plaintiff MARCUS HILL-COLBERT.

23    \ \ \

24    \ \ \

25    \ \ \

26    \ \ \

27    \ \ \

28    \ \ \

5

1          28.      The exclusion notice issued by Defendant TYLER CANTLEY against Plaintiff MARCUS

2     HILL-COLBERT is as follows:



ROSEVILLE POLICE DEPARTMENT
**CITY PROPERTY EXCLUSION NOTICE**
RMC 8.02.315

DR# 2022-46953

Date of Violation: 8 / 29 / 2022     Time: 6:55     AM/PM
Day of Week: S **M** T W T F S

Name (First, Middle, Last): MARCUS HILL-COLBERT

Address: —

City: SAN FRANCISCO     State: CA     Zip Code:

Birth Date: 1979     Sex: M     Race: BLK     Driver License Number:

Location of Violation: WEBER PARK

**Violations Observed:**
☐ 647 (f) PC - Public Intoxication
☒ 8.02.280 RMC - Possession of alcohol in city park
☒ 8.02.290 RMC - Possession of glass container in city park
☐ 8.02.250 RMC - Remain in city park after closing hours
☒ 8.02.200 (A) (4) RMC - Camping in city park
☐ 8.02.200 (B) (2) RMC - Smoking in city park
☐ 10.30.010 (A) RMC - Possession of open alcohol container
☐ 10.38.010 - Public urination / defecation
☒ Other: 374.4 (A) PC
☐ Other: _____

☒ Warned     ☐ Cited     ☐ Arrested

**CITY PROPERTY EXCLUSION NOTICE**
You are hereby notified pursuant to Roseville Municipal Code 8.02.315 that you are excluded from entering or remaining on any City of Roseville Property for the time period outlined below. This exclusion begins immediately upon service of this notice and ends at sunrise on the day following the final date of this notice. You may be excluded from City Property whether or not you have been cited, arrested, or convicted of any crime. You have a right to appeal this exclusion in writing to the Office of the Chief of Police at any point during the exclusion period. Entering onto or remaining on any city property during the exclusionary period may result in your arrest for violation of RMC 8.02.316(G).

**EXCLUSION PERIOD**

☐ **1-Day Exclusion** – Single infraction of Park Rules/Ordinances

☒ **30-Day Exclusion** – Repeated infraction of Park Rules/Ordinances or commission of misdemeanor non-violent crime

☐ **90-Day Exclusion** – Multiple arrests/cites for misdemeanor non-violent crime or commission of felony non-violent crime.

☐ **1 Year Exclusion** – Pattern of 3 or more of the above violations or the commission of any violent crime.

EXCLUSION PERIOD BEGINS IMMEDIATELY UPON SERVICE OF THIS NOTICE

EXCLUSION PERIOD ENDS AT SUNRISE ON: 9/28/2022

Officer Name: CANTLEY     Badge Number: 1141

BY SIGNING THIS NOTICE, YOU ARE NOT ADMITTING GUILT TO ANYTHING. YOU ARE ONLY ACKNOWLEDGING THAT YOU HAVE BEEN SERVED WITH THIS NOTICE.

Signature:

6

1   29.    Defendant TYLER CANTLEY's exclusion notice to Plaintiff MARCUS HILL-

2   COLBERT provided "Violations Observed:" (1) "8.02.280 RMC – Possession of alcohol in city park";

3   (2) 8.02.290 RMC – Possession of glass container in city park"; (3) "8.02.200(A)(4) RMC – Camping in

4   city park"; and (4) "Other: 374.4(A) PC."

5   30.    Defendant TYLER CANTLEY issuance of the exclusion notice to Plaintiff MARCUS

6   HILL-COLBERT was contrary to Roseville Municipal Code § 8.02.316, where Defendant TYLER

7   CANTLEY did not observe Plaintiff MARCUS HILL-COLBERT commit any of the violations

8   identified on the exclusion notice.

9   31.    Defendant TYLER CANTLEY's exclusion notice to Plaintiff MARCUS HILL-

10  COLBERT provided: "**<u>CITY PROPERTY EXCLUSION NOTICE</u>** [¶] You are hereby notified

11  pursuant to Roseville Municipal Code 8.02.315 that you are excluded from entering or remaining on any

12  City of Roseville Property for the time period outlined below. This exclusion begins immediately upon

13  service of this notice and ends at sunrise on the day following the final date of this notice. You may be

14  excluded from City Property whether or not you have been cited, arrested, or convicted of any crime.

15  You have a right to appeal this exclusion in writing to the Office of the Chief of Police at any point

16  during the exclusion period. <u>Entering onto or remaining on any city property during the exclusionary</u>

17  <u>period may result in your arrest for violation of RMC 8.02.316(G)</u>."

18  32.    Defendant TYLER CANTLEY's exclusion notice to Plaintiff MARCUS HILL-

19  COLBERT provided: "**<u>EXCLUSION PERIOD</u>** [¶] **<u>30-Day Exclusion</u>** – Repeated infraction of Park

20  Rules/Ordinances or commission of misdemeanor non-violent crime."

21  33.    Plaintiff MARCUS HILL-COLBERT has been "excluded from entering or remaining on

22  any City of Roseville Property" by Defendants CITY OF ROSEVILLE, ROSEVILLE POLICE

23  DEPARTMENT, and TYLER CANTLEY, without any due process.

24  34.    Plaintiff MARCUS HILL-COLBERT has suffered as a result of the receipt of the

25  exclusion notice. For example, Plaintiff MARCUS HILL-COLBERT felt compelled to stay away from

26  Defendant CITY OF ROSEVILLE's property, including cooling stations during a record-breaking

27  heatwave. Plaintiff MARCUS HILL-COLBERT's exclusion from Defendant CITY OF ROSEVILLE's

28  property was particularly harmful because Plaintiff MARCUS HILL-COLBERT is an unsheltered person

7

1    without the means to seek alternative resources in the area.

2    35.    Plaintiff MARCUS HILL-COLBERT is aware of Defendants CITY OF ROSEVILLE and

3    ROSEVILLE POLICE DEPARTMENT's issuance of exclusion notices to several other persons.

4                            **CLASS ACTION ALLEGATIONS**

5    36.    Defendants CITY OF ROSEVILLE, ROSEVILLE POLICE DEPARTMENT, and DOE 1

6    to 20 deprived Plaintiffs MARCUS HILL-COLBERT, and the class of similarly situated persons he

7    seeks to represent, of their civil rights including, but not limited to, the right to procedural due process.

8    37.    Plaintiffs MARCUS HILL-COLBERT, and the class of similarly situated persons he

9    seeks to represent, were injured as a resulted of a policy or custom, a lack of proper training, and/or were

10   ratified by policymaking officials, including Defendants CITY OF ROSEVILLE, ROSEVILLE POLICE

11   DEPARTMENT, and DOE 1 to 20.

12   38.    Plaintiff MARCUS HILL-COLBERT seeks to represent a class of persons who were

13   and/or will be subject to unconstitutional exclusion by Defendants CITY OF ROSEVILLE, ROSEVILLE

14   POLICE DEPARTMENT, and DOE 1 to 20, including:

15       (a)    All persons who have been or will be subjected to exclusion, based on the enforcement of

16              Roseville Municipal Code § 8.02.315; and

17       (b)    All persons who have been or will be issued an exclusion notice which provides for

18              exclusion from any City of Roseville property, based on the enforcement of Roseville

19              Municipal Code § 8.02.315.

20   39.    On information and belief: Pursuant to Rule 23(a)(1) of the Federal Rules of Civil

21   Procedure, the members of the class are so numerous that joinder of all members is impractical, as there

22   are at least 40 class members.

23   40.    Pursuant to Rule 23(a)(2) of the Federal Rules of Civil Procedure, there are many

24   questions of fact common to the class, including, but not limited to, whether Defendants CITY OF

25   ROSEVILLE, ROSEVILLE POLICE DEPARTMENT, and DOE 1 to 20's enforcement of Roseville

26   Municipal Code § 8.02.316 deprived Plaintiffs MARCUS HILL-COLBERT, and the class of similarly

27   situated persons he seeks to represent, of their constitutional rights.

28   41.    Pursuant to Rule 23(a)(2) of the Federal Rules of Civil Procedure, there are many

8

1    questions of law common to the class, including, but are not limited to, whether Defendants CITY OF

2    ROSEVILLE, ROSEVILLE POLICE DEPARTMENT, and DOE 1 to 20's enforcement of Roseville

3    Municipal Code § 8.02.316 deprived Plaintiffs MARCUS HILL-COLBERT, and the class of similarly

4    situated persons he seeks to represent, of their constitutional rights protected by the Fourteenth

5    Amendment to the U.S. Constitution.

6         42.    Pursuant to Rule 23(a)(3) of the Federal Rules of Civil Procedure, Plaintiff MARCUS

7    HILL-COLBERT's claims are typical of the class he seeks to represent, and he shares the same interests

8    and suffered the same types of injuries as the class, where the alleged claims are based upon similar facts

9    and the same legal theories.

10        43.    Pursuant to Rule 23(a)(4) of the Federal Rules of Civil Procedure, Plaintiffs MARCUS

11   HILL-COLBERT is prepared fairly and adequately to protect the interests of the class, and his interests

12   are consistent with, and not antagonistic to, the interests of the class.

13        44.    Class members' identities can be ascertained from records maintained by Defendants

14   CITY OF ROSEVILLE, ROSEVILLE POLICE DEPARTMENT, and DOE 1 to 20, where the ordinance

15   at issue, Roseville Municipal Code § 8.02.316(F), provides: "Both the parks, recreation and libraries

16   department and the police department will maintain an accurate database of those persons excluded from

17   the parks and other park facilities by their respective employees."

18        45.    Pursuant to Rule 23(b)(1)(A) of the Federal Rules of Civil Procedure, class members'

19   individual prosecution of separate actions would create a risk that inconsistent or varying adjudications

20   which would establish incompatible standards of conduct.

21        46.    Pursuant to Rule 23(b)(1)(B) of the Federal Rules of Civil Procedure, class members'

22   individual prosecution of separate actions would substantially impair or impede other class members'

23   ability to protect their interests.

24        47.    Pursuant to Rule 23(b)(2) of the Federal Rules of Civil Procedure, Defendants CITY OF

25   ROSEVILLE, ROSEVILLE POLICE DEPARTMENT, and DOE 1 to 20 have acted on grounds

26   generally applicable to the class, thereby making appropriate the final injunctive or declaratory relief

27   with respect to the class as a whole.

28        48.    Pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure, the questions of law

9

1  and fact, as alleged above, are common to the class and predominate over any questions affecting only

2  individual members.

3       49.     Pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure, a class action is

4  superior to other available methods for the fair and equitable adjudication of the controversy between the

5  parties.

6       50.     Pursuant to Rule 23(b)(3)(A) of the Federal Rules of Civil Procedure, class members'

7  interests in individually controlling the prosecution of a separate action is low, where most class

8  members would be unable individually to prosecute any action, for example, where the amounts at stake

9  for members of the class may be so small that separate suits would be impracticable, or where most class

10  members may be unable to find counsel to represent them.

11       51.     On information and belief: Pursuant to Rule 23(b)(3)(B) of the Federal Rules of Civil

12  Procedure, there exists no other litigation concerning the controversy that has already begun by or against

13  class members.

14       52.     Pursuant to Rule 23(b)(3)(C) of the Federal Rules of Civil Procedure, it is desirable to

15  concentrate all litigation in one forum because it will promote judicial efficiency to resolve the common

16  questions of law and fact in one forum, rather than in multiple forums.

17       53.     Pursuant to Fed. R. Civ. P. 23(b)(3)(D), there are not likely to be significant difficulties in

18  managing a class action in this case.

19       54.     Pursuant to Rule 23(c)(2) of the Federal Rules of Civil Procedure, upon certification under

20  Rule 23(b)(3) of the Federal Rules of Civil Procedure, Plaintiffs MARCUS HILL-COLBERT, and the

21  class of similarly situated persons he seeks to represent, contemplates that individual notice will be given

22  to class members at last-known addresses by first-class U.S. mail, or by appropriate publication,

23  informing class members of: (1) the pendency of the class action and the issues common to the class; (2)

24  the nature of the action; (3) the right to "opt-out" of the action within a given time, in which event the

25  class member will not be bound by a decision rendered in the class action; (4) the right, if the class

26  member does not "opt-out," to be represented by the class member's own counsel and to enter an

27  appearance in the case, otherwise the class member will be represented by Plaintiff MARCUS HILL-

28  COLBERT and his counsel; and (5) the right, if the class member does not "opt-out," to share in any

1    recovery in favor of the class and, conversely, to be bound by any judgment on the common issues

2    adverse to the class.

3                                    **EQUITABLE ALLEGATIONS**

4           55.    There is an actual controversy between Plaintiffs MARCUS HILL-COLBERT, and the

5    class of similarly situated persons he seeks to represent, and Defendants CITY OF ROSEVILLE,

6    ROSEVILLE POLICE DEPARTMENT, and DOE 1 to 20 relating to the constitutionality and

7    enforcement of Roseville Municipal Code § 8.02.316.

8           56.    Plaintiffs MARCUS HILL-COLBERT, and the class of similarly situated persons he

9    seeks to represent, seek a judicial determination of their rights and a declaration as to Defendants CITY

10   OF ROSEVILLE, ROSEVILLE POLICE DEPARTMENT, and DOE 1 to 20's constitutional obligations

11   and duties.

12          57.    Defendants CITY OF ROSEVILLE, ROSEVILLE POLICE DEPARTMENT, and DOE 1

13   to 20's past conduct and enforcement of Roseville Municipal Code § 8.02.316 has caused, and will

14   continue to cause, Plaintiffs MARCUS HILL-COLBERT, and the class of similarly situated persons he

15   seeks to represent, to suffer the violation of constitutional and civil rights, resulting in irreparable harm.

16                                        **FIRST CLAIM**

17                                       **Unreasonable Search**

18                            **(U.S. Const. Amend. IV; 42 U.S.C. § 1983)**

19          58.    Plaintiff MARCUS HILL-COLBERT asserts this Claim against Defendant TYLER

20   CANTLEY.

21          59.    The allegations of the preceding paragraphs 1 to 35 are realleged and incorporated, to the

22   extent relevant, as if fully set forth in this Claim.

23          60.    Defendant TYLER CANTLEY conducted a records search for wants or warrants for

24   Plaintiff MARCUS HILL-COLBERT, without reasonable grounds to be suspicious that there might be

25   any outstanding want or warrant, in violation of rights protected by the Fourth Amendment to the U.S.

26   Constitution.

27          61.    Defendant TYLER CANTLEY's actions were motivated by evil motive or intent,

28   involved reckless or callous indifference to constitutional rights, or were wantonly or oppressively done.

62.     Plaintiff MARCUS HILL-COLBERT was injured as a direct and proximate result of Defendant TYLER CANTLEY's actions and inactions entitling him to receive compensatory and punitive damages against Defendant TYLER CANTLEY.

WHEREFORE, Plaintiff MARCUS HILL-COLBERT prays for relief as hereunder appears.

## SECOND CLAIM

### False Detention

### (U.S. Const. Amend. IV; 42 U.S.C. § 1983)

63.     Plaintiff MARCUS HILL-COLBERT asserts this Claim against Defendant TYLER CANTLEY.

64.     The allegations of the preceding paragraphs 1 to 35 are realleged and incorporated, to the extent relevant, as if fully set forth in this Claim.

65.     Defendant TYLER CANTLEY falsely detained Plaintiff MARCUS HILL-COLBERT, without a warrant and without probable cause, in violation of rights protected by the Fourth Amendment to the U.S. Constitution.

66.     Defendant TYLER CANTLEY's actions and inactions were motivated by evil motive or intent, involved reckless or callous indifference to constitutional rights, or were wantonly or oppressively done.

67.     Plaintiff MARCUS HILL-COLBERT was injured as a direct and proximate result of Defendant TYLER CANTLEY's actions and inactions entitling him to receive compensatory and punitive damages against Defendant TYLER CANTLEY.

WHEREFORE, Plaintiff MARCUS HILL-COLBERT prays for relief as hereunder appears.

## THIRD CLAIM

### Inadequate Notice – Procedural Due Process

### (U.S. Const. Amend. XIV; 42 U.S.C. § 1983)

68.     Plaintiffs MARCUS HILL-COLBERT, and the class of similarly situated persons he seeks to represent, assert this Claim against Defendants CITY OF ROSEVILLE, ROSEVILLE POLICE DEPARTMENT, and DOE 1 to 20.

69.     The allegations of the preceding paragraphs 1 to 57 are realleged and incorporated, to the

12

1    extent relevant, as if fully set forth in this Claim.

2         70.    Defendants CITY OF ROSEVILLE, ROSEVILLE POLICE DEPARTMENT, and DOE 1

3    to 20 maintained policies or customs of action and inaction resulting in harm to Plaintiffs MARCUS

4    HILL-COLBERT, and the class of similarly situated persons he seeks to represent, including by issuing

5    exclusion notices which misrepresent the scope of exclusion provided by Roseville Municipal Code §

6    8.02.316, in violation of rights protected by the Fourteenth Amendment to the U.S. Constitution.

7         71.    Defendants DOE 1 to 20's actions and inactions were motivated by evil motive or intent,

8    involved reckless or callous indifference to constitutionally protected rights, or were wantonly or

9    oppressively done.

10        72.    Plaintiffs MARCUS HILL-COLBERT, and the class of similarly situated persons he

11   seeks to represent, were injured as a direct and proximate result of Defendants CITY OF ROSEVILLE,

12   ROSEVILLE POLICE DEPARTMENT, and DOE 1 to 20's actions and inactions, entitling them to

13   receive compensatory damages and equitable (declaratory and injunctive) relief against Defendants CITY

14   OF ROSEVILLE, ROSEVILLE POLICE DEPARTMENT, and DOE 1 to 20; and punitive damages

15   against Defendants DOE 1 to 20.

16        WHEREFORE, Plaintiffs MARCUS HILL-COLBERT, and the class of similarly situated

17   persons he seeks to represent, pray for relief as hereunder appears.

18                                    **FOURTH CLAIM**

19              **Inadequate Pre-Deprivation Process – Procedural Due Process**

20                   **(U.S. Const. Amend. XIV; 42 U.S.C. § 1983)**

21        73.    Plaintiffs MARCUS HILL-COLBERT, and the class of similarly situated persons he

22   seeks to represent, assert this Claim against Defendants CITY OF ROSEVILLE, ROSEVILLE POLICE

23   DEPARTMENT, and DOE 1 to 20.

24        74.    The allegations of the preceding paragraphs 1 to 57 are realleged and incorporated, to the

25   extent relevant, as if fully set forth in this Claim.

26        75.    Defendants CITY OF ROSEVILLE, ROSEVILLE POLICE DEPARTMENT, and DOE 1

27   to 20 maintained policies or customs of action and inaction resulting in harm to Plaintiffs MARCUS

28   HILL-COLBERT, and the class of similarly situated persons he seeks to represent, including by enacting

1  and/or enforcing Roseville Municipal Code § 8.02.316 which affords no pre-deprivation process prior to

2  immediate exclusion from all areas operated for park or recreation purposes, such as: (a) an evidentiary

3  standard for enforcement, hearing, and appeal; (b) a pre-deprivation hearing; and/or (c) a stay of

4  exclusion pending appeal, in violation of rights protected by the Fourteenth Amendment to the U.S.

5  Constitution.

6      76.    Defendants DOE 1 to 20's actions and inactions were motivated by evil motive or intent,

7  involved reckless or callous indifference to constitutionally protected rights, or were wantonly or

8  oppressively done.

9      77.    Plaintiffs MARCUS HILL-COLBERT, and the class of similarly situated persons he

10  seeks to represent, were injured as a direct and proximate result of Defendants CITY OF ROSEVILLE,

11  ROSEVILLE POLICE DEPARTMENT, and DOE 1 to 20's actions and inactions, entitling them to

12  receive compensatory damages and equitable (declaratory and injunctive) relief against Defendants CITY

13  OF ROSEVILLE, ROSEVILLE POLICE DEPARTMENT, and DOE 1 to 20; and punitive damages

14  against Defendants DOE 1 to 20.

15      WHEREFORE, Plaintiffs MARCUS HILL-COLBERT, and the class of similarly situated

16  persons he seeks to represent, pray for relief as hereunder appears.

## FIFTH CLAIM

### Inadequate Notice – Procedural Due Process

### (Cal. Const. Art. I § 7(a))

20      78.    Plaintiffs MARCUS HILL-COLBERT, and the class of similarly situated persons he

21  seeks to represent, assert this Claim against Defendants CITY OF ROSEVILLE, ROSEVILLE POLICE

22  DEPARTMENT, and DOE 1 to 20.

23      79.    The allegations of the preceding paragraphs 1 to 57 are realleged and incorporated, to the

24  extent relevant, as if fully set forth in this Claim.

25      80.    Defendants CITY OF ROSEVILLE, ROSEVILLE POLICE DEPARTMENT, and DOE 1

26  to 20 maintained policies or customs of action and inaction resulting in harm to Plaintiffs MARCUS

27  HILL-COLBERT, and the class of similarly situated persons he seeks to represent, including by issuing

28  exclusion notices which misrepresent the scope of exclusion provided by Roseville Municipal Code §

1  8.02.316, in violation of rights protected by Article I, Section 7(a) of the California Constitution.

2      81.    Plaintiffs MARCUS HILL-COLBERT, and the class of similarly situated persons he

3  seeks to represent, were injured as a direct and proximate result of Defendants CITY OF ROSEVILLE,

4  ROSEVILLE POLICE DEPARTMENT, and DOE 1 to 20's actions and inactions, entitling them to

5  receive equitable (declaratory and injunctive) relief against Defendants CITY OF ROSEVILLE,

6  ROSEVILLE POLICE DEPARTMENT, and DOE 1 to 20.

7      WHEREFORE, Plaintiffs MARCUS HILL-COLBERT, and the class of similarly situated

8  persons he seeks to represent, pray for relief as hereunder appears.

9                          **SIXTH CLAIM**

10          **Inadequate Pre-Deprivation Process – Procedural Due Process**

11                      **(Cal. Const. Art. I § 7(a))**

12      82.    Plaintiffs MARCUS HILL-COLBERT, and the class of similarly situated persons he

13  seeks to represent, assert this Claim against Defendants CITY OF ROSEVILLE, ROSEVILLE POLICE

14  DEPARTMENT, and DOE 1 to 20.

15      83.    The allegations of the preceding paragraphs 1 to 57 are realleged and incorporated, to the

16  extent relevant, as if fully set forth in this Claim.

17      84.    Defendants CITY OF ROSEVILLE, ROSEVILLE POLICE DEPARTMENT, and DOE 1

18  to 20 maintained policies or customs of action and inaction resulting in harm to Plaintiffs MARCUS

19  HILL-COLBERT, and the class of similarly situated persons he seeks to represent, including by enacting

20  and/or enforcing Roseville Municipal Code § 8.02.316 which affords no pre-deprivation process prior to

21  immediate exclusion from all areas operated for park or recreation purposes, such as: (a) an evidentiary

22  standard for enforcement, hearing, and appeal; (b) a pre-deprivation hearing; and/or (c) a stay of

23  exclusion pending appeal, in violation of rights protected by Article I, Section 7(a) of the California

24  Constitution.

25      85.    Plaintiffs MARCUS HILL-COLBERT, and the class of similarly situated persons he

26  seeks to represent, were injured as a direct and proximate result of Defendants CITY OF ROSEVILLE,

27  ROSEVILLE POLICE DEPARTMENT, and DOE 1 to 20's actions and inactions, entitling them to

28  receive equitable (declaratory and injunctive) relief against Defendants CITY OF ROSEVILLE,

1    ROSEVILLE POLICE DEPARTMENT, and DOE 1 to 20; and punitive damages against Defendants

2    DOE 1 to 20.

3         WHEREFORE, Plaintiffs MARCUS HILL-COLBERT, and the class of similarly situated

4    persons he seeks to represent, pray for relief as hereunder appears.

## SEVENTH CLAIM

### Tom Bane Civil Rights Act

### (Cal. Civ. Code § 52.1)

8         86.    Plaintiffs MARCUS HILL-COLBERT, and the class of similarly situated persons he

9    seeks to represent, assert this Claim against Defendants CITY OF ROSEVILLE, ROSEVILLE POLICE

10   DEPARTMENT, and DOE 1 to 20.

11        87.    The allegations of the preceding paragraphs 1 to 57 are realleged and incorporated, to the

12   extent relevant, as if fully set forth in this Claim.

13        88.    Inadequate Notice – Procedural Due Process: Defendants CITY OF ROSEVILLE,

14   ROSEVILLE POLICE DEPARTMENT, and DOE 1 to 20 maintained policies or customs of action and

15   inaction resulting in harm to Plaintiffs MARCUS HILL-COLBERT, and the class of similarly situated

16   persons he seeks to represent, including by issuing exclusion notices which misrepresent the scope of

17   exclusion provided by Roseville Municipal Code § 8.02.316, with specific intent (*i.e.*, deliberate

18   indifference or reckless disregard) to rights protected by the Fourteenth Amendment to the U.S.

19   Constitution and Article I, Section 7(a) of the California Constitution.

20        89.    Inadequate Pre-Deprivation Process – Procedural Due Process: Defendants CITY OF

21   ROSEVILLE, ROSEVILLE POLICE DEPARTMENT, and DOE 1 to 20 maintained policies or customs

22   of action and inaction resulting in harm to Plaintiffs MARCUS HILL-COLBERT, and the class of

23   similarly situated persons he seeks to represent, including by enacting and/or enforcing Roseville

24   Municipal Code § 8.02.316 which affords no pre-deprivation process prior to immediate exclusion from

25   all areas operated for park or recreation purposes, such as: (a) an evidentiary standard for enforcement,

26   hearing, and appeal; (b) a pre-deprivation hearing; and/or (c) a stay of exclusion pending appeal, with

27   specific intent (*i.e.*, deliberate indifference or reckless disregard) to rights protected by the Fourteenth

28   Amendment to the U.S. Constitution and Article I, Section 7(a) of the California Constitution.

**CLASS ACTION COMPLAINT; DEMAND FOR JURY TRIAL**
*Hill-Colbert v. City of Roseville*, United States District Court, Eastern District of California, Case No. _____

90.     Plaintiffs MARCUS HILL-COLBERT, and the class of similarly situated persons he seeks to represent, were injured as a direct and proximate result of Defendants CITY OF ROSEVILLE, ROSEVILLE POLICE DEPARTMENT, and DOE 1 to 20's actions and inactions, entitling them to receive equitable (declaratory and injunctive) relief and civil penalties against Defendants CITY OF ROSEVILLE, ROSEVILLE POLICE DEPARTMENT, and DOE 1 to 20.

WHEREFORE, Plaintiffs MARCUS HILL-COLBERT, and the class of similarly situated persons he seeks to represent, pray for relief as hereunder appears.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs MARCUS HILL-COLBERT, and the class of similarly situated persons he seeks to represent, seek Judgment as follows:

1.     For issuance of a judgment declaring that Defendants CITY OF ROSEVILLE, ROSEVILLE POLICE DEPARTMENT, and DOE 1 to 20's enactment and enforcement of Roseville Municipal Code § 8.02.316 is unconstitutional, for violations of the U.S. Constitution and California Constitution;

2.     For entry of a preliminary and permanent injunction enjoining Defendants CITY OF ROSEVILLE, ROSEVILLE POLICE DEPARTMENT, and DOE 1 to 20's enforcement of Roseville Municipal Code § 8.02.316, for violations of the U.S. Constitution and California Constitution;

3.     For an award of compensatory, general, and special damages against Defendants CITY OF ROSEVILLE, ROSEVILLE POLICE DEPARTMENT, and DOE 1 to 20, for violations of federal law, according to proof at trial;

4.     For an award of exemplary or punitive damages against Defendants CITY OF ROSEVILLE, ROSEVILLE POLICE DEPARTMENT, TYLER CANTLEY, and DOE 1 to 20, for violations of federal law, in an amount sufficient to deter and to make an example of them, because their actions and/or inactions were motivated by evil motive or intent, involved reckless or callous indifference to protected rights, or were wantonly or oppressively done;

5.     For an award of civil penalties, equitable relief, and any other available relief against Defendants CITY OF ROSEVILLE, ROSEVILLE POLICE DEPARTMENT, TYLER CANTLEY, and DOE 1 to 20, pursuant to Cal. Civ. Code §§ 52, 52.1, and any other statute as may be applicable;

17

6.        For an award of reasonable attorneys' fees and costs, pursuant to 42 U.S.C. § 1988, Cal.

Civ. Code § 52.1, Cal. Code Civ. Proc. § 1021.5, and any other statute as may be applicable; and

7.        For an award of any other further relief, as the Court deems fair, just, and equitable.

Dated: September 20, 2022                                                    Respectfully Submitted,

By: _____

Mark E. Merin
Paul H. Masuhara
LAW OFFICE OF MARK E. MERIN
1010 F Street, Suite 300
Sacramento, California 95814
Telephone: (916) 443-6911
Facsimile: (916) 447-8336

Paul W. Comiskey
205 Jefferson Street
Roseville, California 95678
Telephone: (916) 577-0696

Attorneys for Plaintiff
MARCUS HILL-COLBERT

18

1

**JURY TRIAL DEMAND**

2        A JURY TRIAL IS DEMANDED by Plaintiffs MARCUS HILL-COLBERT, and the class of

3   similarly situated persons he seeks to represent.

4   Dated: September 20, 2022                    Respectfully Submitted,

5

6

7                                                By: _____
                                                     Mark E. Merin
8                                                    Paul H. Masuhara
                                                     LAW OFFICE OF MARK E. MERIN
9                                                    1010 F Street, Suite 300
                                                     Sacramento, California 95814
10                                                   Telephone: (916) 443-6911
                                                     Facsimile: (916) 447-8336
11
                                                     Paul W. Comiskey
12                                                   205 Jefferson Street
                                                     Roseville, California 95678
13                                                   Telephone: (916) 577-0696

14                                                    Attorneys for Plaintiff
                                                      MARCUS HILL-COLBERT
15

16

17

18

19

20

21

22

23

24

25

26

27

28

CLASS ACTION COMPLAINT; DEMAND FOR JURY TRIAL
*Hill-Colbert v. City of Roseville*, United States District Court, Eastern District of California, Case No. _____