UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

| | |
|---|---|
| MARCUS HILL-COLBERT, on behalf of himself and a class of similarly situated persons,<br><br>Plaintiff,<br><br>v.<br><br>CITY OF ROSEVILLE, ROSEVILLE POLICE DEPARTMENT, TYLER CANTLEY, and DOES 1 to 20,<br><br>Defendants. | No. 2:22-cv-01651 WBS DB<br><br>ORDER DENYING MOTION FOR PRELIMINARY INJUNCTION |

----oo0oo----

Plaintiff Marcus Hill-Colbert brought this action against the City of Roseville ("City"), Roseville Police Department, Officer Tyler Cantley, and Does 1 to 20 seeking injunctive relief and damages for violations of the Fourth and Fourteenth Amendments under 42 U.S.C. § 1983; the California Constitution Article I, Section 7(a); and the Tom Bane Civil Rights Act under California Civil Code § 52.1.  (Compl. (Docket No. 1).)  Plaintiff now moves for a preliminary injunction,

1

seeking to enjoin enforcement of Roseville Municipal Code ("RMC") § 8.02.316 on the basis that it is a facially unconstitutional ordinance which violates procedural due process rights protected by the Fourteenth Amendment. (Mot. for Prelim. Inj. (Docket No. 4-1).).

## I. Factual History

On August 29, 2022, at roughly 6:55am, plaintiff was sitting in a chair in Weber Park in Roseville, California. (Compl. ¶¶ 14-15.) Defendant Tyler Cantley, a social services officer employed by defendant City of Roseville, approached plaintiff and stated that there had been complaints about alcohol and marijuana use in the park. (Id. ¶¶ 16-18.) Plaintiff told Officer Cantley that he had not been drinking or smoking. (Id. ¶ 19.) However, Officer Cantley observed a broken beer bottle near plaintiff's chair.[1] (Id. ¶ 20.) Plaintiff denied that it was his beer. (Id. 21.) Officer Cantley then asked plaintiff for his identification. (Id. ¶ 22.) Plaintiff complied and gave Officer Cantley a copy of his identification card. (Id. ¶ 23.) Officer Cantley briefly left with plaintiff's identification card. (Id. ¶ 24.)

When Officer Cantley returned, he gave plaintiff a "City Property Exclusion Notice."[2] (Id. ¶¶ 26-27.) The

---

[1] The parties dispute how close the beer bottle was to plaintiff. (See Compl. ¶ 20; Defs.' Opp'n. at 6 (Docket No. 5).)

[2] Plaintiff has requested that the court take judicial notice of two ordinances: RMC § 8.02.316 and RMC § 8.02.200. (Docket No. 4-3.) Defendants have requested that the court take judicial notice of the same two ordinances as well as RMC § 8.02.280, RMC § 8.02.290, and RMC § 8.02.315. (Docket No. 5-3.) An electronic copy of the ordinances can be found online at

exclusion notice indicated that Officer Cantley had observed plaintiff engage in four violations: (1) possession of alcohol in a city park, in violation of RMC § 8.02.280; (2) possession of a glass container in a city park, in violation of RMC § 8.02.290; (3) camping in a city park, in violation of RMC § 8.02.200(A)(4); and (4) 374.4(A)PC.[3]  (Id. ¶¶ 28-29.)  The notice stated:

> You are herby notified pursuant to Roseville Municipal Code 8.02.315[4] that you are excluded from entering or remaining on any City of Roseville Property for the time period outlined below.  This exclusion begins immediately upon service of this notice and ends at sunrise on the day following the final date of this notice.  You may be excluded from City Property whether or not you have been cited, arrested, or convicted of any crime.  You have the right to appeal this exclusion in writing to the Office of the Chief of Police at any point during the exclusion period.  <u>Entering or remaining on any city property during the exclusion</u>

---

<https://library.qcode.us/lib/roseville_ca/pub/municipal_code>. Judicial notice may be taken of a fact "not subject to reasonable dispute in that it is capable of accurate and ready determine by resort to sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201.  The ordinances are proper subjects for judicial notice.  See Newcomb v. Brennan, 558 F.2d 825, 829 (7th Cir. 1977) ("[C]ity ordinances fall within the category of 'common knowledge' and are therefore proper subjects for judicial notice.").  The requests are therefore granted.

[3]   Officer Cantley wrote "374.4(A)PC" in the "Other" section of the violations section of the exclusion order without explanation as to what conduct violates this ordinance.  (Compl. ¶ 28.)  The court believes "374.4(A)PC" refers to Cal. Penal Code § 374.4, which makes it unlawful to litter.

[4]   RMC § 8.02.315 provides: "Any person who interferes with any city employee in the performance of the employee's duties, or who by his or her conduct, interferes with the use of a park or other park facility by any other person, or who has committed any public offense within a park or other park facility, shall leave the park or park facility upon request by any city employee."  RMC § 8.02.315(A).

3

      <u>period may result in your arrest for violation of RMC 8.02.316(G).</u>

(Compl. ¶¶ 28, 31) (emphasis in original).

      RMC § 8.02.316 provides, in relevant part: "Any parks, recreation and libraries employee or police officer may exclude any person who, while present in a park or park facility, violates any applicable ordinance, statute, posted rule or regulation, or city policy after being put on notice of same." RMC § 8.0.216(A). "Park" includes "any park, dog park, town square, library, museum, stream bed area, bicycle trail, open space, or other facility owned or operated by the city for park or recreation purposes." RMC § 8.02.200. The length of the exclusion period depends on the number of infractions or arrests.[5] See RMC § 8.02.316(B). Exclusion from City parks and park facilities is immediate upon receipt of the exclusion notice. See RMC § 8.02.316(D). "A person receiving a notice of exclusion may appeal the exclusion in writing to the director or chief of police . . . for a waiver or modification of the exclusion for good cause." RMC 8.02.316(E). Anyone who enters a park of park facility while excluded can be charged with an infraction or misdemeanor. See RMC § 8.02.316(G).

      Plaintiff was excluded from City parks and park facilities for 30 days because he was cited for multiple violations. (Compl. ¶¶ 28, 32.) However, because of the text of

---

[5] For example, a single infraction of park rules or ordinances results in a one-day exclusion, whereas three or more arrests or citations for nonviolent crimes or infractions or any arrest for any violent crime results in a one-year exclusion. See RMC § 8.02.316(B)(1), (4).

4

the exclusion notice, plaintiff believed he was excluded from any City property. (Id. ¶ 34.) To avoid violating his exclusion, he stayed away from all City property, including cooling stations during a record-breaking heatwave. (Id. ¶ 34.) Plaintiff explains that he found his exclusion particularly harmful because he is homeless. (Id. ¶ 34.)

Plaintiff did not appeal his exclusion. (Defs.' Opp'n. at 7 (Docket No. 5).) However, he did present a Government Claim to the City arguing that the beer bottle was not his. (Id.) The City thereafter dismissed his exclusion order. (Id.)

II.  Discussion

Injunctive relief is "an extraordinary remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion." Mazurek v. Armstrong, 520 U.S. 968, 972 (1997) (citation omitted). To obtain a preliminary injunction, the moving party must establish (1) it is likely to succeed on the merits, (2) it is likely to suffer irreparable harm in the absence of preliminary relief, (3) the balance of equities tips in its favor, and (4) an injunction is in the public interest. Winter v. Nat. Res. Def. Council, Inc., 555 U.S. 7, 20 (2008); Humane Society of the U.S. v. Gutierrez, 558 F.3d 896, 896 (9th Cir. 2009). "A plaintiff must make a showing on all four prongs to obtain a preliminary injunction." A Woman's Friend Pregnancy Res. Clinic v. Becerra, 901 F.3d 1166, 1167 (9th Cir. 2018) (emphasis in original) (quotation marks and citations omitted).

    A.  Irreparable Harm

"[A] preliminary injunction will not be issued simply

to prevent the possibility of some remote future injury." Winter, 555 U.S. at 21.  "Speculative injury does not constitute irreparable injury sufficient to warrant granting a preliminary injunction." Caribbean Marine Servs. Co., v. Baldrige, 844 F.2d 668, 674 (9th Cir. 1988) (citation omitted).  "A plaintiff must do more than merely allege imminent harm sufficient to establish standing; a plaintiff must demonstrate immediate threatened injury as a prerequisite to preliminary injunctive relief." (Id.) (emphasis omitted) (citing L.A. Coliseum v. Nat'l Football League, 634 F.2d 1197, 1201 (9th Cir. 1980)); see also Associated Gen. Contractors of Cal., Inc. v. Coalition for Econ. Equity, 920 F.2d 1401, 1410 (9th Cir. 1991) ("[T]he party seeking the injunction must demonstrate that it will be exposed to some significant risk of irreparable injury.").

In Hodgers-Durgin v. de la Vina, the Ninth Circuit discussed both the Article III "case or controversy" requirement and the irreparable harm requirement necessary to obtain injunctive relief.  199 F.3d 1037, 1041-1043 (9th Cir. 1999).  In Hodgers-Durgin, the two named plaintiffs were each stopped once by Border Patrol agents for "engag[ing] in entirely innocent conduct" while driving near the border.  Id. at 1039, 1041. Plaintiffs argued that their stops violated the Fourth Amendment and sought an injunction prohibiting Border Patrol agents from further engaging in the allegedly unconstitutional practices. Id. at 1039.  While the court did not affirmatively determine whether plaintiffs satisfied the "case or controversy" requirement, it distinguished the case from Lyons because "plaintiffs did nothing illegal to prompt the stops by the Border

6

Patrol."  Id. at 1041 (citing City of Los Angeles v. Lyons, 461 US. 95, 105 (1983) (suggesting plaintiff's misconduct led to the violation of his constitutional rights); see also Lane v. Williams, 455 U.S. 624, 633, n.13 (1982) ("Respondents themselves are able--and indeed required by law--to prevent" violating the law).

The Hodgers-Durgin court found that plaintiffs were not entitled to equitable relief because they failed to show an irreparable injury.  Id. at 1042; see Lyons, 461 US. at 111 (articulating that an "equitable remedy is unavailable absent a showing of irreparable injury, a requirement that cannot be met where there is no showing of any real or immediate threat that the plaintiff will be wronged again--a likelihood of substantial and immediate irreparable injury") (quotation and citation omitted).  Specifically, the court held that there was no likelihood of future injury to the named plaintiffs because "it [wa]s not sufficiently likely that [plaintiffs] w[ould] again be stopped by the Border Patrol" given that each plaintiff had only been stopped once.  Id. at 1044.

Here, plaintiff is not currently subject to exclusion from the City's parks or park facilities because the City rescinded plaintiff's exclusion order.  (See Defs.' Opp'n. at 7.) Plaintiff has not shown that he is likely to be issued an exclusion notice again.  Like the plaintiffs in Hodgers-Durgin, plaintiff has only been issued an exclusion order once. Plaintiff's arguments to the contrary are unavailing.  Plaintiff alleges that he did not violate any ordinance when he was excluded from the park.  (See Hill-Colbert Decl. ¶¶ 6-8 (Docket

7

No. 4-2).)  Taking plaintiff at his word that he did not commit any violations, a wrongful issuance of an exclusion order for engaging only in lawful conduct does not demonstrate that plaintiff is likely to be issued another exclusion order in the future.  See Hodgers-Durgin, 199 F.3d at 1041-42.

Plaintiff also argues that he is likely to be issued an exclusion order again because one of the grounds for exclusion, for which he was already cited, is camping in the park.  If indeed just sitting in the park as plaintiff was at the time he was cited constituted camping as the City interprets it, plaintiff might have a good argument that he is likely to be issued another exclusion order.  However, the City of Roseville has overcome that challenge by recently amending the park exclusion notice to remove camping as one of the bases for exclusion.  Because plaintiff has not presented evidence that he is likely to receive another exclusion notice, he has failed to show that he is at risk of immediate and irreparable harm.[6]  See Hodgers-Durgin, 199 F.3d at 1042.

In his reply, plaintiff included six new declarations from other individuals who were issued exclusion orders.  (Docket Nos. 10-1, 10-2, 10-3, 10-4, 10-5, and 10-6.)  Neither the fact

---

[6] Plaintiff suggests that his status as a homeless person is connected to irreparable injury.  (See Mot. for Prelim. Inj. at 9.)  The court does not doubt that exclusion from parks and park facilities is more burdensome to a homeless person than to housed persons.  However, that the impact of the exclusion order may be more burdensome does not mean that plaintiff has shown he is likely to be issued an exclusion order again.  Plaintiff has only received one exclusion order and that exclusion order was voluntarily rescinded by the City.  (See Defs.' Mot. at 8.)

that others have been issued exclusion notices nor the circumstances surrounding those orders satisfy plaintiff's burden of showing a likelihood of future irreparable harm to him.  Nor is that burden satisfied by plaintiff's expressed intent to seek class certification.  No class has yet been certified, and even if plaintiff will be able to identify a certifiable class in this case "injunctive relief is not available based on alleged injuries to unnamed members of a proposed class."  Hodgers-Durgin, 199 F.3d at 1045.

Finally, plaintiff suggests that he has demonstrated irreparable harm because he has shown a "constitutional infringement."  See Associated Gen. Contractors of Cal., Inc. v. Coalition for Econ. Equity, 950 F.2d 1401, 1412 (9th Cir. 1991) ("An alleged constitutional infringement will often alone constitute irreparable harm.") (quoting Goldie's Bookstore, Inc. v. Superior Court of Cal., 739 F.2d 466, 472 (9th Cir. 1983) (quotation omitted)).  While plaintiff may well show likelihood of success on the merits for a constitutional infringement, a constitutional infringement satisfies the irreparable harm requirement where there is an "immediate threatened injury" which results from the constitutional infringement.  See Caribbean Marine Servs. Co., 844 F.2d at 674.  As the court has already discussed, plaintiff has not demonstrated that he is likely to be issued another exclusion order.  Because plaintiff does not face an ongoing threat of a constitutional infringement, the alleged constitutional infringement alone is insufficient to demonstrate irreparable harm.

Plaintiff "must make a showing on all four prongs to

9

obtain a preliminary injunction."  A Woman's Friend Pregnancy Res. Clinic, 901 F.3d at 1167 (quotation marks and citations omitted).  Plaintiff has failed to show that he is likely to suffer irreparable harm absent an injunction, and therefore, plaintiff's motion for a preliminary injunction must be denied.

IT IS THEREFORE ORDERED that plaintiff's motion for a preliminary injunction (Docket No. 4-1) be, and the same hereby is, DENIED.

Dated:  November 1, 2022

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE

10