UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

MARCUS HILL-COLBERT, JENNIFER TIMMONS, HERMINIO LEBRON, DANIEL REED, VINCENT BARNAO, ERIN MCMARLIN, and JAMES THOMPSON, on behalf of themselves and a class of similarly situated persons,

        Plaintiffs,

   v.

CITY OF ROSEVILLE, ROSEVILLE POLICE DEPARTMENT, TYLER CANTLEY, and DOE 1-20,

        Defendants.

NO.  2:22-cv-01651 WBS DB

----oo0oo----

STATUS (PRETRIAL SCHEDULING) ORDER

     After reviewing the parties' Joint Status Report, the court hereby vacates the Status (Pretrial Scheduling) Conference scheduled for January 17, 2023, and makes the following findings and orders without needing to consult with the parties any further.

1

I.   SERVICE OF PROCESS

All defendants have been served, and no further service is permitted without leave of court, good cause having been shown under Federal Rule of Civil Procedure 16(b).

II.  JOINDER OF PARTIES/AMENDMENTS

Plaintiff's original complaint included only one plaintiff.  (Docket No. 1.)  The court denied that plaintiff's motion for preliminary injunction because plaintiff failed to show irreparable harm.  (Docket No. 16.)  Plaintiff has since filed his First Amended Complaint, adding six additional plaintiffs.  (Docket No. 17.)  No further joinder of parties or amendments to pleadings will be permitted except with leave of court, good cause having been shown under Federal Rule of Civil Procedure 16(b).  See Johnson v. Mammoth Recreations, Inc., 975 F.2d 604 (9th Cir. 1992).

III. JURISDICTION/VENUE

Jurisdiction is predicated upon 28 U.S.C. §§ 1331 and 1343(a), because plaintiff asserts claims arising under 42 U.S.C. § 1983 for violations of the Fourth and Fourteenth Amendments. Venue is undisputed and hereby found to be proper.

IV.  DISCOVERY

The parties agree to serve the initial disclosures required by Federal Rule of Civil Procedure 26(a)(1) on or before February 16, 2023.

The parties shall disclose experts and produce reports in accordance with Federal Rule of Civil Procedure 26(a)(2) by no later than April 26, 2024.  With regard to expert testimony intended solely for rebuttal, those experts shall be disclosed

1  and reports produced in accordance with Federal Rule of Civil
2  Procedure 26(a)(2) on or before May 28, 2024.
3       All discovery, including depositions for preservation
4  of testimony, is left open, save and except that it shall be so
5  conducted as to be completed by June 28, 2024.  The word
6  "completed" means that all discovery shall have been conducted so
7  that all depositions have been taken and any disputes relevant to
8  discovery shall have been resolved by appropriate order if
9  necessary and, where discovery has been ordered, the order has
10 been obeyed.  All motions to compel discovery must be noticed on
11 the magistrate judge's calendar in accordance with the local
12 rules of this court and so that such motions may be heard (and
13 any resulting orders obeyed) not later than June 28, 2024.
14 V.   MOTION HEARING SCHEDULE
15      The parties proposed May 15, 2023 as the hearing date
16 for plaintiffs' motion for a permanent injunction.  However, that
17 date is before the date the parties have suggested for completion
18 of discovery and more importantly before the date defendants
19 suggest for filing of plaintiff's motion for class certification.
20 For those reasons, the court will not adopt the parties' proposed
21 motion schedule.  All motions, except motions for continuances,
22 temporary restraining orders, or other emergency applications,
23 shall be filed on or before September 30, 2024.  All motions
24 shall be noticed for the next available hearing date.  Counsel
25 are cautioned to refer to the local rules regarding the
26 requirements for noticing and opposing such motions on the
27 court's regularly scheduled law and motion calendar.
28 VI.  FINAL PRETRIAL CONFERENCE

The Final Pretrial Conference is set for November 18, 2024, at 1:30 p.m. in Courtroom No. 5.  The conference shall be attended by at least one of the attorneys who will conduct the trial for each of the parties and by any unrepresented parties.

Counsel for all parties are to be fully prepared for trial at the time of the Pretrial Conference, with no matters remaining to be accomplished except production of witnesses for oral testimony.  Counsel shall file separate pretrial statements, and are referred to Local Rules 281 and 282 relating to the contents of and time for filing those statements.  In addition to those subjects listed in Local Rule 281(b), the parties are to provide the court with: (1) a plain, concise statement which identifies every non-discovery motion which has been made to the court, and its resolution; (2) a list of the remaining claims as against each defendant; and (3) the estimated number of trial days.

In providing the plain, concise statements of undisputed facts and disputed factual issues contemplated by Local Rule 281(b)(3)-(4), the parties shall emphasize the claims that remain at issue, and any remaining affirmatively pled defenses thereto.  If the case is to be tried to a jury, the parties shall also prepare a succinct statement of the case, which is appropriate for the court to read to the jury.

VII. TRIAL SETTING

The jury trial is set for February 25, 2025 at 9:00 a.m.  The parties estimate that the trial will last 10 to 14 days.

VIII.    SETTLEMENT CONFERENCE

A Settlement Conference will be set at the time of the

Pretrial Conference.  All parties should be prepared to advise the court whether they will stipulate to the trial judge acting as settlement judge and waive disqualification by virtue thereof.

Counsel are instructed to have a principal with full settlement authority present at the Settlement Conference or to be fully authorized to settle the matter on any terms.  At least seven calendar days before the Settlement Conference counsel for each party shall submit a confidential Settlement Conference Statement for review by the settlement judge.  If the settlement judge is not the trial judge, the Settlement Conference Statements shall not be filed and will not otherwise be disclosed to the trial judge.

IX. MODIFICATIONS TO SCHEDULING ORDER

Any requests to modify the dates or terms of this Scheduling Order, except requests to change the date of the trial, may be heard and decided by the assigned Magistrate Judge.  All requests to change the trial date shall be heard and decided only by the undersigned judge.

IT IS SO ORDERED.

Dated:   January 13, 2023

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE